```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

JACKSON S. BRUMLEY, et al.,    )
                               )
     Plaintiffs,               )
                               )
          v.                   )   NO.  3:08-1193
                               )
ALBERT E. BRUMLEY & SONS, INC.,)   Judge Trauger/Bryant
et al.,                        )   Jury Demand
                               )
     Defendants.               )
```

## MEMORANDUM AND ORDER

Plaintiffs have filed their motion to quash subpoenas (Docket Entry No. 50) to which defendants have responded in opposition (Docket Entry No. 54). Plaintiffs have filed a reply (Docket Entry No. 67).

For the reasons stated below, the undersigned Magistrate Judge finds that plaintiffs' motion to quash the subject subpoenas should be **GRANTED**.

Plaintiffs assert three grounds for quashing the subject trial subpoenas: (1) the failure to serve plaintiffs personally; (2) the failure to tender mileage fees required by Rule 45(b)(1); and (3) undue burden as defined by Rule 45(b)(3)(A)(iv).

From the record it appears that the subpoenas in dispute seek to require the appearance of six of the individual plaintiffs (Rolene Brumley, Betty Brumley-Pockrus, W.J. Brumley, Kristi Brumley-Laxton, Mark Brumley and Keri Brumley-Pilcher) to appear in Nashville for the trial of this case, now scheduled to begin on July 13, 2010. These subpoenas were served upon plaintiffs' counsel, and were not served personally upon the individual plaintiffs, all of whom live in Missouri. Plaintiffs assert that

service of these trial subpoenas is governed by the provisions of Rule 45(b), which requires personal service upon the witness. Defendants, in response, argue that the personal service requirement of Rule 45(b)is trumped by the provision in Rule 5(b) which states as follows: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." According to defendants, this provision permits service of a trial subpoena upon a party by service upon the party's attorney. However, the Advisory Committee notes for the 2001 amendments to Federal Rule of Civil Procedure 5 states in part as follows:

> Rule 5(b)(1) makes it clear that the provisions for service on a party's attorney applies only to service made under Rules 5(a) and 77(d). Service under Rules 4, 4.1, 45(b), and 71A(d)(3) – as well as rules that invoke those rules – must be made as provided in those rules.

Significantly for this analysis, the papers listed under Rule 5(a)(1) do not include subpoenas for appearance at trial. Therefore, it appears from the Advisory Committee note that the provision in Rule 5(b)(1) authorizing service upon a party's attorney does not apply to subpoenas for appearance at trial. Such subpoenas, therefore, must be served personally upon the witness in accordance with the provisions of Rule 45(b). It appears from this record that the subject subpoenas requiring appearance at trial have not been personally served upon these plaintiffs. For this reason, the undersigned Magistrate Judge finds that these subpoenas must be quashed.

2

As a further ground for quashing these subpoenas, plaintiffs argue that the subpoenas were not accompanied by the required mileage fee allowed by law. Defendants, in their response (Docket Entry No. 54, p. 3), argue that Rule 45(c)(3) distinguishes between a third-party witness and a person who is a party or a party's officer. While the undersigned Magistrate Judge agrees that Rule 45(c) indicates that a party or a party's officer may be required by subpoena to travel more than 100 miles from where that person resides, this rule does not expressly relieve the party issuing the subpoena from tendering the required mileage fees. The undersigned Magistrate Judge is unaware of any authority for such a proposition, and the defendants here have failed to cite any. Accordingly, the undersigned Magistrate Judge finds that the subject subpoenas should be quashed for the additional reason that defendants have failed to tender the required mileage fees for the subject party witnesses to travel to Nashville in order to appear at this trial.

For the reasons stated above, plaintiffs' motion to quash the trial subpoenas issued to plaintiffs Rolene Brumley, Betty Brumley-Pockrus, W.J. Brumley, Kristi Brumley-Laxton, Mark Brumley and Keri Brumley-Pilcher is **GRANTED**.

It is so **ORDERED**.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge