# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JACKSON S. BRUMLEY, ALBERT E. BRUMLEY, JR., ROLENE BRUMLEY, BETTY BRUMLEY POCKRUS, W.J. BRUMLEY, KRISTI BRUMLEY LAXTON, MARK BRUMLEY, AND KERI BRUMLEY PILCHER, | ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | CASE NO. 3:08-1193 |
| ALBERT E. BRUMLEY & SONS, INC., INTEGRATED COPYRIGHT GROUP, INC., AND ROBERT B. BRUMLEY, | ) ) ) ) | |
| DEFENDANTS. | ) | |

## STIPULATION AND JOINT MOTION TO CERTIFY
## ORDER FOR AN INTERLOCUTORY APPEAL

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties herein that Defendants' Motion to Certify Order for an Interlocutory Appeal, dated as of July 22, 2011, be granted by this Court upon the following agreed terms and conditions:

1. Defendants will escrow any net income (less standard administration fees), directly attributable to post-termination licenses from all sources in the United States with respect to the musical composition "I'll Fly Away" (the "Composition"), initially received by Defendants or their agent on or after January 1, 2012 ("the Post-Termination Income").

2.  Defendants shall retain all non-Post-Termination Income, including any income subject to the so-called derivative works exception as set forth in Section 304(c)(6)(A) of the Copyright Act.  In the event that Plaintiffs disagree with Defendants' determination that any particular income is subject to the derivative works exception, they shall notify Defendants in writing, and Defendants shall respond, in writing, within thirty days.  If the parties cannot resolve the dispute concerning whether such income is subject to the derivative works exception, either party shall be permitted to raise the issue with this Court.  To the extent necessary, the parties consent to the District Court retaining jurisdiction to resolve such disputes during the pendency of the interlocutory appeal.

3.  Defendants shall maintain during the pendency of this action, a bond heretofore obtained in favor of Plaintiffs in the sum of One Hundred Thousand Dollars ($100,000.00).  Defendants agree that in the event of a final adjudication in favor of Plaintiffs, Defendants shall cooperate with Plaintiffs to enable the timely payment of the bonded amount.

4.  Defendants shall continue to escrow the Post-Termination Income until such time as there is a final adjudication of  the ownership of the Composition in the United States.  For purposes of this stipulation, "final adjudication" means a final order of a court that is neither susceptible of further appeal or to which no appeal has been taken.  For purposes of clarification, if there is a final adjudication on all questions of ownership of the composition (including final resolution of all matters pertaining to the validity of Plaintiffs' copyright termination and Defendants' claims that the composition was prepared as a work made for hire), but issues of damages remain to be resolved, Defendants shall cease escrowing the Post-Termination Income (provided that any income escrowed prior to final adjudication of ownership issues shall remain in escrow until a final resolution on the question of damages).

5.   During the pendency of this action, until final adjudication of the ownership of the Composition in the United States, ClearBox Rights shall exclusively administer the copyright in the Composition and in this capacity shall:

(a)   maintain the escrow of the Post-Termination Income in a separate interest bearing account;

(b)   provide Plaintiffs and Defendants with a quarterly accounting with respect to the exploitation and revenues derived by "I'll Fly Away" relating to any Post-Termination Income;

(c)   grant and issue licenses in the ordinary course of business.  In this regard, the parties agree and acknowledge that ClearBox Rights and Defendants retain the right to grant and issue licenses with respect to non-United States and/or worldwide uses of the Composition, and with respect to uses of the Composition subject to the derivative works exception as set forth in Section 304(c)(6)(A) of the Copyright Act.  With respect to licenses issued for the United States only or for the United States portion of worldwide licenses (and not subject to the derivative works exception), the parties agree that (i) ClearBox Rights shall be entitled to grant so-called standard mechanical licenses without prior consultation of any of the parties, but (ii) shall notify Robert Brumley, on behalf of Defendants, and Jackson Brumley, on behalf of Plaintiffs, with respect to any request for a synchronization license or other "non-standard" or reduced rate licenses.  The notifications shall be provided via email, to Robert Brumley at brumley@leru.net and to Jackson Brumley at jax@ibrumley.com.  Each party shall approve or reject such license in writing, within twenty-four hours after receiving the notice, after consultation with ClearBox Rights, with each party entitled to exercise a vote based upon their respective current pro-rata ownership share of copyright ownership.  If ClearBox rights does not

receive a response from any party within such time frame, it shall be entitled to exercise its discretion on behalf of such party to grant a license on reasonable, industry-standard terms.

6.     To the extent any costs or expenses are incurred in connection with the escrow process and/or administration of the copyright in the Composition by Clearbox Rights, Plaintiffs shall be responsible for five-sixths (5/6) of such costs and expenses, and Defendants shall be responsible for one-sixth (1/6).  For purposes of clarification, Plaintiffs responsibility for a portion of the costs and expenses incurred in connection with the administration of the Copyright shall not apply with respect to the administration of non-United States licenses, the non-United States portion of worldwide licenses, or licenses subject to the derivative works exception.

Dated: January 27, 2012                                  Respectfully submitted,


IT IS SO ORDERED.

_____
U.S. DISTRICT JUDGE

/s/  Jason L. Turner_____
Jason L. Turner
KELLER TURNER RUTH ANDREWS GHANEM
& HELLER, PLLC
700 12th Avenue S, Ste. 302
Nashville, Tennessee 37203
(615) 244-7600
Jason@KTRlawgroup.com
*Counsel for Plaintiffs*


/s/  Barry I. Slotnick_____
Barry I. Slotnick, admitted *pro hac vice*
Brittany A. Schaffer, No. 29025
LOEB & LOEB LLP
1906 Acklen Avenue
Nashville, Tennessee 37212
(615) 749-8300
(615) 749-8308 (fax)
bslotnick@loeb.com
bschaffer@loeb.com
*Counsel for Defendants*